## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JOHN F. FORD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0588 (RBW) |
| | ) | |
| NATION'S CAPITAL SOUTHERN | ) | |
| MARYLAND AREA LOCAL, | ) | |
| AMERICAN POSTAL WORKERS | ) | |
| UNION, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MEMORANDUM OPINION

The plaintiff, who is proceeding pro se, initiated this action against his employer,

defendant Nation's Capital Southern Maryland Area Local, American Postal Workers Union,

AFL-CIO ("NCSMAL" or "Local"), alleging breach of the Local's constitution and bylaws and

discrimination based on his age.  Complaint ("Compl.") at 1-2.  This matter is currently before

the Court on the defendant's motion to dismiss the complaint for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Motion

to Dismiss or, in the Alternative, for Summary Judgment of Defendant ("Def.'s Mot.") at 1.[1]  In

the alternative, the defendant moves for summary judgment, pursuant to Federal Rule of Civil

_____

[1]  The following papers have been submitted to the Court in connection with this motion:  (1) Statement of Points and Authorities in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment of Defendant ("Def.'s Mem."); (2) the Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n"); and (3) the Defendant's Reply Brief in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment of Defendant ("Def.'s Reply").

Procedure 56(c).  Id.  Upon consideration of the parties' submissions, the Court concludes that

the defendant is entitled to dismissal of this action pursuant to Federal Rule of Civil Procedure

12(b)(6) for the reasons set forth below.

## I.   Factual Background

The defendant is a local affiliate of the American Postal Workers Union, which

represents individuals employed in the Clerk, Maintenance and Motor Vehicle Crafts Division of

the United States Postal Service in the District of Columbia and Southern Maryland.  Def.'s

Mem. at 2.  The Local's operations are governed by a constitution and bylaws.  Id.  The

constitution addresses the relationship between the Local and its members, the Local's internal

workings and affairs, and the internal governing structure of the Local.  Def.'s Mem., Exhibit

("Ex.") 1 at 1-25.

In January 1990, the defendant hired the plaintiff, a retired postal worker and certified

drug counselor, as the part-time Employee Assistance Program ("EAP") Representative.[2]  Def.'s

Mem., Ex. 5 at 00108.  In 1998, the defendant converted the plaintiff's employment to full-time,

so that he could address a backlog of grievances from postal employees who had been discharged

for alleged abuse of drugs and alcohol.  Id.  On January 12, 2003, the defendant notified the

plaintiff that he would be returned to part-time status effective January 18, 2003, because the

backlog of grievances had been resolved and a national EAP has been established.  Def.'s Mem.,

Ex. 2.  In a letter dated January 31, 2003, the defendant again informed the plaintiff of the change

in his employment status.  Def.'s Mem., Ex. 3.

---

[2]  When the plaintiff was hired, the Local employed a total of four individuals: the President and Executive
Vice-President (both full-time employees), and the Secretary and the plaintiff (both part-time employees).  Def.'s
Mem., Ex. 4 at 00108.

On March 24, 2003, the plaintiff filed an administrative complaint with the District of

Columbia Office of Human Rights ("OHR"), alleging that the change in his employment from

full-time to part-time status was the result of disparate treatment based on his age.[3]  Def.'s Mem.,

Ex. 4.  On December 16, 2003, the OHR issued a Letter of Determination which found "no

probable cause" for the plaintiff's claim that he was the victim of discriminatory treatment.

Def.'s Mem., Ex. 5 at 00118.  Specifically, the OHR found that the Local did not discriminate

against the plaintiff "by converting him from a full-time to a part-time employee." Id. at 00113.

The Letter of Determination notified the plaintiff that he could appeal the  "no probable cause"

determination by either applying for reconsideration with the OHR within thirty (30) calendar

days from the receipt of the letter or requesting a "Substantial Weight Review" from the United

States Equal Employment Opportunity Commission ("EEOC") within fifteen (15) calendar days

from the receipt of the letter.  Id. at 00118.  In addition, the decision notified the plaintiff of the

applicable time periods in which he could file a petition for review with the Superior Court of the

District of Columbia.[4]  Id.

The plaintiff elected to seek reconsideration of the "no probable cause" determination

with the OHR.  Def.'s Mem., Ex. 6 at 1.  On June 7, 2004, the OHR issued a Determination on

Complainant's Request for Reconsideration denying the plaintiff's request and affirming the

OHR's "no probable cause" determination.  Id. at 2.  In this letter, the Director of the OHR found

---

[3]  At the time of the alleged discrimination, the plaintiff was 67 years old.  Def.'s Mem., Ex. 5 at 000107.

[4]  If the plaintiff had chosen not to file a request for reconsideration with the OHR, he would then have had three years from the receipt of the Letter of Determination to file a petition for review with the Superior Court. Def.'s Mem., Ex. 5 at 00118.

that the plaintiff had failed to submit a timely request for reconsideration.[5]  Id.  The OHR further

found that even assuming that the plaintiff's request had been submitted timely, the plaintiff

failed to satisfy the evidentiary and factual standards that are necessary to demonstrate that he

was entitled to reconsideration because he merely reasserted the general allegations that were set

forth in his original administrative complaint.  Id. at 2.  In addition, the Determination on

Complainant's Request for Reconsideration notified the plaintiff that he had "thirty (30) days

from receipt of the decision to file a petition for review with the Superior Court of the District of

Columbia."  Id. at 3.  However, rather than petitioning for review with the Superior Court, the

plaintiff mistakenly petitioned for review with the District of Columbia Court of Appeals, which

dismissed his petition for lack of subject matter jurisdiction.  Def.'s Mem., Ex. 7.[6]  The plaintiff

also filed an identical administrative complaint with the Equal Employment Opportunity

Commission ("EEOC"), which was also denied.  Compl., Ex. 1 & 3.  Specifically, the EEOC

concluded that it would not be able to prove the plaintiff's age discrimination claim, and thus it

would not pursue an action against the union.[7]

On March 25, 2005, the plaintiff filed his pro se complaint with this Court, in which he

claims that the defendant breached its contractual obligations to him by failing to follow

---

[5]  As stated in the Letter of Determination, the plaintiff had thirty (30) days to apply for reconsideration of the "no probable cause" finding.  Def.'s Mem., Ex. 5 at 00118.  The Letter of Determination is dated December 19, 2003, and the United States Postal Service ("USPS") confirmed that the letter was delivered to the plaintiff on December 19, 2003.  Def.'s Mem., Ex. 6.  Accordingly, thirty calendar days from the date of reciept would have placed the deadline for a request for reconsideration on January 18, 2004, which is a Sunday, therefore, permitting receipt on the next business day or January 19, 2004.  The OHR did not receive Mr. Ford's request for reconsideration until three days later on January 22, 2004.  Id.

[6]  In recognizing his error, Mr. Ford concedes that he "filed [his] petition in the wrong court" and further acknowledges that his petition for review "should have been filed in Superior Court."  Pl.'s Opp'n at 2.

[7]  It appears that the denial of the plaintiff's EEOC claim forms the basis of the plaintiff's complaint in this Court.  Compl., Ex. 3.

procedures included in its constitution and bylaws before altering his employment status from full-time to part-time.  Compl. at 2.  The plaintiff argues that the defendant's obligations arise from him being "a member and employee of the Local," and that he is therefore entitled to "any protection" afforded by the Local's constitution and bylaws.  Pl.'s Opp'n at 2-3; see also Compl. at 2.  Specifically, the plaintiff seeks to invoke article 7, section 2 of the Local's constitution and bylaws, which the plaintiff asserts required the union President to seek approval from the Executive Board before changing the plaintiff's employment status to part-time.[8]  Compl. at 2. Consequently, because the President failed to consult with the Executive Board before altering his employment status, the plaintiff contends that the President breached the Local's constitution and bylaws.  Id. at 2-3.  In addition, the plaintiff asserts that the defendant failed to adhere to the conditions set forth in the Local's constitution and bylaws because the defendant took "personal issue" with the plaintiff's age.  Id. at 3.

The defendant has now filed a motion to dismiss the plaintiff's complaint under Rule 12(b)(6).[9]  Specifically, the plaintiff argues that the plaintiff has failed to state a claim upon

---

[8]  Article 7, section 2 of the Local's constitution and bylaws states, in part, that "[t]he President shall hire and dismiss office personnel as approved by the Executive Board . . . ."  Def.'s Mem., Ex. 1 at 8.

[9]  In addition, the defendant opines that this Court does not have subject matter jurisdiction over the plaintiff's breach of contract claim because the claim raises a question of state, not federal law.  Def.'s Mem. at 4-5. However, the defendant makes no allegation, nor could it, that the plaintiff's age discrimination claim is not properly before the Court as it raises a federal question.  Thus, even if there is no independent basis for this Court to exercise jurisdiction over the breach of contract claim, this Court could exercise jurisdiction over it under the supplemental jurisdiction doctrine.  See 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Here, although not entirely clear from the complaint, all of the claims seem to arise from the plaintiff's alleged employment with the Union, and they appear to form part of the same case or controversy.  Thus, it appears to the Court that it would have subject matter jurisdiction over the plaintiff's breach of contract claim.  See, e.g., Carter v. George Wash. Univ., 180 F. Supp. 2d 97, 109 (D.D.C. 2001).  Nonetheless, this conclusion is of no assistance to the plaintiff as it is clear that he has failed to state a claim upon which relief can be

(continued...)

which relief can be granted on either his breach of contract claim or his age discrimination claim.
Def.'s Mem. at 5-12.  Specifically, the defendant contends that neither the Local's constitution
and bylaws nor the EAP Counselor Job Description created an employment contract between the
Local and the plaintiff.  Id. at 5-6.  Accordingly, the defendant argues that the plaintiff was an at-
will employee, and as such the Local had the "right to reduce [the plaintiff's] employment to
part-time status."  Id. at 6; Def.'s Reply at 2.  In addition, the defendant opines that the plaintiff
cannot pursue his age discrimination claim because he has previously fully litigated this claim.
Def.'s Mem. at 11.  Thus, the defendant contends that dismissal is appropriate under Rule
12(b)(6).  In his opposition brief, the plaintiff contends, however, that the Local's constitution
and bylaws created an employment contract, which has been breached.  Pl.'s Opp'n at 3.

## II.   Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted
pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in
the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences
that can be derived from the facts alleged.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v.
Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d
1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept asserted inferences or
conclusory allegations that are unsupported by the facts set forth in the complaint.  Kowal, 16

---

[9](...continued)
granted.  The defendant also argues that summary judgment is required because the plaintiff failed to timely pursue
his claims through the proper administrative channels when he had the opportunity to do so.  Def.'s Mem. at 12.
Because this Court concludes that the plaintiff's claims cannot survive the defendant's Rule 12(b)(6) dismissal
challenges, it need not address these alternative positions.

F.3d at 1276.  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only

consider the facts alleged in the complaint, documents attached as exhibits or incorporated by

reference into the complaint, and matters about which the Court may take judicial notice.  EEOC

v. Xavier Parochial Sch. St. Francis, 117 F.3d 621, 624-25 (D.C. Cir. 1997).  The Court will

dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  Conley, 355 U.S. at 45-46.

### III.   Legal Analysis

### A.   The Plaintiff's Breach of Contract Claim

The defendant moves to dismiss the plaintiff's action for breach of the Local's

constitution and bylaws, arguing that the defendant had no contractual obligations to the plaintiff

because the plaintiff was an employee at-will.  Def.'s Mem. at 5-6.  In response, the plaintiff

contends that the Local's constitution and bylaws created an enforceable employment contract

and that the defendant breached the contract by changing his work status to part-time

employment because of his age.  Pl.'s Opp'n at 3.

The plaintiff's position is clearly without merit.  Another member of this Court held that a

local union's constitution and bylaws do not create an employment contract between the union

and its employees.  Def.'s Mem., Ex. B (Davis v. Nation's Capital S. Md. Area Local, No. 99-

2314, at 32-33 (D.D.C. February 4, 2000) (transcript of hearing)).[10]  Rather than governing the

_____

[10]   The plaintiff in Davis, No. 99-2314 at 32, relied upon the same provision in the union's constitution as
does the plaintiff here in support of his position that an enforceable employment contract existed.  The provision
permits the president of the union to hire and dismiss office personnel with the approval of the Executive Board.
The court rejected Davis' argument that a contract existed because the constitution did not "say anything about terms
of employment."  Id.  Thus, because no contract existed, the court found that there could be no basis for a breach of

(continued...)

union's relationship with its employees, a union's constitution and bylaws govern the relationship between members of the union and the union. Korzen v. Local Union 705, Int'l Broth. of Teamsters, 75 F.3d 285, 288 (7th Cir. 1996) (citations omitted) (stating "[t]he constitution of a local union . . . is a contract between the union and its members"). In this regard, the Local's duty to the plaintiff as the plaintiff's employer is completely distinct from the Local's duty to the plaintiff when the plaintiff is acting in the capacity as a member of the union. Accordingly, the Local's constitution and bylaws do not create an employment contract between the plaintiff and the defendant and, because no employment contract existed, the plaintiff is presumed to be an at-will employee. See, e.g., Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. 1991) (citations omitted) (under District of Columbia law, it is a general rule that "an employer may discharge an at-will employee at anytime and for any reason, or no reason at all.").

In the District of Columbia, absent express language indicating particular terms or a fixed duration of employment, an employment relationship is presumed to be at-will. Carter, 180 F. Supp. 2d at 109 (citing Sisco v. GSA Nat'l Capital Fed. Credit Union, 689 A.2d 52, 53 (D.C. 1997); United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 745 (D.C. Cir. 1998)). In order to rebut the presumption of at-will employment and proceed with a cause of action for wrongful discharge under a breach of contract theory, a plaintiff must provide evidence of clear contractual intent on the part of both the employer and the employee. Choate v. TRW, Inc., 14 F.3d 74, 76 (D.C. Cir. 1994); see also Minihan v. Am. Pharm. Ass'n, 812 F.2d 726, 728 (D.C.

---

[10](...continued)
contract claim. Id.

Cir. 1987) (quoting <u>Littell v. Evening Star Newspaper Co.</u>, 120 F.2d 36, 37 (D.C. Cir. 1941)

("Contracting parties may rebut the presumption of terminable-at-will employment only by

'<u>stating</u> <u>clearly</u> their intention to do so.'")); <u>Taylor v. Wash. Metro. Area Transit Auth.</u>, 922 F.

Supp. 665, 674 (D.D.C. 1996).  The same is necessarily true with regard to other alterations of an

at-will employee's employment status.

Here, the plaintiff attempts to rebut this presumption by offering his EAP Job Description

as an employment contract.  Pl.'s Opp'n at 3-4.  However, the job description is insufficient to

rebut the presumption because it fails to establish mutually expressed contractual intent.  Rather,

the job description is merely a list of job duties and benefits.  Pl.'s Opp'n, Ex. 3.  It does not

define the duration of employment, nor does it outline the particular terms of the plaintiff's

employment, including whether the position was intended to be full-time or part-time.[11]  This

lack of specificity is consistent with at-will employment.  <u>See, e.g.</u>, <u>Domen v. Nat'l Rehab.</u>

<u>Hosp., Inc.</u>, 925 F. Supp. 830, 834 (D.D.C. 1996) (to demonstrate lack of at-will employment a

plaintiff must show that there is "'evidence of a 'clearly expressed' contractual intent on the part

of both the employer and the employee.'" (quoting <u>Choate</u>, 14 F.3d at 76)).  Therefore, because

the plaintiff has not asserted facts that would establish that both parties intended a relationship

inconsistent with the presumption of at-will employment, he is not entitled to redress pursuant to

contract law for the change in his employment status.[12]  <u>See</u> <u>Wilson v. Prudential Fin.</u>, 332 F.

---

[11]  In addition to the job description not indicating that the plaintiff was being hired as a full-time employee, the plaintiff was actually hired as a part-time employee and he worked in that capacity for eight years (until the defendant adjusted his status so that he could resolve the backlog of grievances that existed at that time).  Def.'s Mem., Ex. 5 at 00114.

[12]  The Court is again mindful of the plaintiff's <u>pro</u> <u>se</u> status and although the Court will read a <u>pro</u> <u>se</u> plaintiff's complaint liberally, a <u>pro</u> <u>se</u> plaintiff must nonetheless present a claim on which the court can grant relief.

(continued...)

Supp. 2d 83, 91 (D.C. Cir. 2004) (stating that "[t]o rebut the at-will presumption, there must be a

showing that 'the parties intended that the termination be subject to specific preconditions'"

(quoting Strass v. Kaiser Found. Health Plan of Mid-Atl., 744 A.2d 1000, 1011 (D.C. Cir.

2000))); see also Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 69-70 (D.D.C. 2005) (stating

that plaintiff had no remedy in contract law for his termination because he failed to show that

both parties intended to alter the presumption of at-will employment).   Accordingly, the Court

must grant the defendant's motion to dismiss the plaintiff's breach of contract claim for failure to

state a claim upon which relief may be granted.

**B.      The Plaintiff's Age Discrimination Claim**

        The defendant also contends that the plaintiff's age discrimination claim must be

dismissed for failure to state a claim upon which relief can be granted.   Specifically, the

defendant opines that the plaintiff has fully litigated the identical claim in earlier proceedings.

Def.'s Mem. at 9-12.   The Court agrees.   28 U.S.C. § 1738 (2000) requires that federal courts

"give the same preclusive effect to state court judgments that those judgments would be given in

the courts of the State from which the judgments emerged."   Kremer v. Chem. Constr. Corp., 456

U.S. 461, 466 (1982); Flynn v. 3900 Watson Place, Inc., 63 F. Supp. 2d 18, 22 (D.D.C. 1990)

Accordingly, this Court looks to the District of Columbia law for guidance on the question of

claim preclusion.   In the District of Columbia,

> [u]nder the doctrine of res judicata, or claim preclusion, "a prior judgment on the merits
> raises an absolute bar to the relitigation of the same cause of action between the original
> parties or those in privity with them."   The doctrine bars relitigation "not only as to every
> ground of recovery or defense actually presented in the action, but also as to every ground

---

[12](...continued)
Chrisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

which might have been presented . . . ."

Shin v. Portals Confederation Corp., 728 A.2d 615, 618 (D.C. 1999) (internal citations omitted);

see also Smith v. Jenkins, 562 A.2d 610, 613 (D.C. 1989).  A party asserting that res judicata

bars relitigation of a claim must establish (1) "that the prior decision on which [they base their]

res judicata claim was a decision on the merits" and (2) "that the earlier litigation was based on

the same cause of action."[13]  Amos v. Shelton, 497 A.2d 1082, 1084 (D.C.1985) (citations

omitted).

In this case, the claims raised before the EEOC, which appear to also form the basis for

the plaintiff's age discrimination claim here, are identical to claims that the plaintiff had

previously raised before the District of Columbia Office of Human Rights ("DCOHR").

Compare Compl., Ex. 3, with, Def.'s Mem., Ex. 4.  And, the parties fully litigated these claims

before the DCOHR, and the plaintiff appealed the DCOHR's adverse ruling against him.[14]  Def.'s

Mem., Ex. 5, Ex. 6, Ex. 7.  Specifically, the plaintiff advanced the claims he raises here before

the OHR, which issued an adverse ruling.  Def.'s Mem., Ex. 5 at 00118.  The plaintiff sought

reconsideration of the OHR decision, Def.'s Mem., Ex. 6 at 1, and he ultimately filed an appeal

with the District of Columbia Court of Appeals.  Def.'s Mem., Ex. 7.  Although the District of

Columbia Court of Appeals did not have jurisdiction to hear the plaintiff's challenge, he has

---

[13]  Another member of this Court has noted that there is a four-part test.  This test is substantially similar, but notes that the moving party must also establish that (1) the "identities of parties in both suits" are the same and (2) "the judgment was rendered by a court of competent jurisdiction."  Coleman v. Potomac Elec. Power Co., 310 F. Supp. 2d 154, 160 (D.D.C. 2004) (citation omitted).  There is no question that these additional prongs have been satisfied.

[14]  The District of Columbia Court of Appeals dismissed the defendant's appeal for lack of jurisdiction, Def.'s Mem., Ex. 7, because the appeal should have been filed in the Superior Court for the District of Columbia. Pl.'s Opp'n at 2.

nonetheless been afforded a full opportunity to litigate his claims, which are identical to the

claims raised here, Compl., Ex. 1 & 3, and he has received a final decision on the merits. <u>See,</u>

<u>e.g.</u>, <u>Shin</u>, 728 A.2d at 618-19. Accordingly, the plaintiff cannot now relitigate these claims here.

Thus, the plaintiff has failed to state a claim upon which relief can be granted, and his claim

must be dismissed.[15]

## V.   <u>Conclusion</u>

For the foregoing reasons, this Court concludes that the plaintiff failed to state a claim

upon which relief can be granted. Accordingly, the Court grants the defendant's motions to

dismiss the plaintiff's complaint.

**SO ORDERED** this day of 8th day of December, 2005.[16]


REGGIE B. WALTON
United States District Judge

---

[15] Because the plaintiff's age discrimination claims are purely conclusory, the Court also finds that the allegations fail state a claim upon which relief can be granted.

[16] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.